**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:23-CV-31 (MTT) |
| KATHERINE JONES MILLER, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

The Prudential Life Insurance Company of America ("Prudential") filed this interpleader action against the Estate of Timothy Price and Katherine Miller, individually and as court appointed custodian and conservator of B.I.P. and C.P., the surviving, minor children of Timothy Price.[1]  Doc. 1.  The Court ordered the defendants to file an answer by July 17, 2023, (Doc. 12), and to show cause why Prudential should not be allowed to interplead the policy proceeds and be discharged from further liability (Doc.13).  No answer was filed.  Accordingly, Prudential is hereby **ORDERED** and **SHALL** present a check in the amount of **$249,613.85**, plus any accrued interest, payable to the Clerk of this Court for deposit into the Court's Registry.

---

[1] The attempt to dismiss B.I.P. and C.P. by joint stipulation (Doc. 14) is **VOID** and **SHALL** have no effect. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (holding consent judgment effected in part by joint stipulation dismissing minor was void where the parties failed to follow state requirements regarding the settlement of a minor's claim) (citing *Carter v. Fenner*, 136 F.3d 1000, 1009 (5th Cir.1998)); *see also Byrd ex rel. Byrd v. United States*, 2021 WL 5033826, at *1 (N.D. Ga. July 19, 2021) ("The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." (citing *Burke*, 252 F.3d at 1264 (citing Fed. R. Civ. P. 17(c))).

These funds are payable by Prudential under group policy number G-32000 (the "SGLI Plan") which, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides Group Life insurance benefits to the U.S. Department of Veterans Affairs pursuant to the SGLI statute (38 U.S.C. 1965 *et seq*.). Doc. 1 ¶ 10. The proper beneficiary or beneficiaries of these funds is in dispute and their deposit into the Registry of the Court is appropriate. The entitlement to benefits will be addressed by the Court among the remaining parties, to include B.I.P. and C.P.—counsels' attempt to dismiss them by joint stipulation (Doc. 14) notwithstanding.

Accordingly, Prudential's request to Deposit Funds (Doc. 1) is **GRANTED**. It is **ORDERED** that the Clerk of this Court accept Prudential's check and receive the funds at issue into the registry of this Court. The parties' joint motion to distribute proceeds (Doc. 15) is **DENIED** without prejudice. Upon payment of the funds, Prudential is dismissed with prejudice, and Prudential's request for attorney fees is **DENIED**.[2] Rebecca C. Moody, is **ORDERED** to show cause why her joint representation of the defendants is proper. The Court will then address the appropriate distribution of the policy proceeds.

---

[2] "In an interpleader action, costs and attorney[] fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder." *Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). However, in *in re Mandalay Shores Cooperative Housing Ass'n*, 21 F.3d 380 (11th Cir. 1994), the Eleventh Circuit explained that attorney fees may not be warranted "when a stakeholder's interpleader claim arises out of the normal course of business." *Id.* at 383. *See, e.g.*, *Chesapeake Life Ins. Co. v. Tweedy*, 2014 WL 12703723, at *1 (M.D. Ga. Jan. 27, 2014) (MTT). Typically, the *Mandalay Shores* court noted, this exception is "applied to insurance companies." *Mandalay*, 21 F.3d at 383. District courts in this Circuit have followed *Mandalay Shores*'s guidance and denied attorney fees awards to "life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance." *Am. Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *3 (S.D. Ala.); *see also Am. Gen. Life Ins. Co. v. Soule*, 2008 WL 4790654, at *3 (M.D. Fla.); *Hauger v. John Hancock Life Ins. Co.*, 2008 WL 341432, at *4 (M.D. Fla.); *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1257 (M.D. Ala. 2002).

-3-

**SO ORDERED**, this 31st day of August, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT